FILED

14 FEB 21 PM 2: 12

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANNETTE M. GREETIS, | CASE NO. 13-CV-2250-BEN (WMC) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| vs. | [Docket No. 17] |
| PNC FINANCIAL SERVICES GROUP, INC, DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for GSR Mortgage Loan Trust 2007-AR1 Mortgage Pass-Through Certificate Series 2007-AR1, | |
| Defendants. | |

Before this Court is the Motion to Dismiss for Failure to State a Claim filed by Defendant Deutsche Bank National Trust Company, as Trustee of the GSR Mortgage Loan Trust 2007-AR1 (Deutsche Bank). (Docket No. 17). Plaintiff Annette M. Greetis filed the instant action on September 19, 2013. (Docket No. 1). Plaintiff alleges violations of the Fair Debt Collection Practices Act, wrongful foreclosure, quiet title, cancellation of instruments, slander of title, fraud, and a violation of California's Unfair Competition Law.

For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff executed a mortgage loan, including a promissory note and deed of trust, on August 8, 2006. The deed of trust identified National City Mortgage, a

division of National City Bank, as the lender and National City Bank as the trustee.

In or about January 2007, Plaintiff alleges that the loan was sold to GSR 2007 AR1 Trust, a mortgage-backed securities trust. (Compl. ¶ 7). Plaintiff alleges that the deed of trust was not properly assigned, and that the note was not properly endorsed. (*Id.* ¶ 13). Plaintiff alleges that because the securitization of the loan was "botched," the mortgage loan was not assigned to Deutsche Bank, the trustee of the GSR 2007 AR1 Trust. (*Id.* ¶ 14). Plaintiff alleges that an elaborate scheme was concocted to conceal this fact. (*Id.*) She contends that Deutsche Bank has never held any beneficial or ownership interest in the loan, and is not a secured creditor. (*Id.*)

Plaintiff alleges that in February 2008, National City Mortgage executed an assignment of the deed of trust conveying the beneficial interest to National City Mortgage Co., a National City Bank subsidiary. She alleges that the assignment was fraudulent because the interest of National City Mortgage was extinguished in 2007 when the mortgage was sold to the GSR 2007 AR1 Trust. (*Id.* ¶ 15). Some time before October 24, 2008, Cal-Western was allegedly substituted for National City Bank as the trustee of the deed of trust. On October 24, Cal-Western executed and recorded a Notice of Default which stated that National City Mortgage was the beneficiary. Plaintiff argues that National City Mortgage no longer held an interest in the loan. (*Id.* ¶ 17).

A Notice of Trustee's Sale was recorded on January 27, 2009. Plaintiff's home was sold on November 4, 2009. Cal-Western executed a Trustee's Deed Upon Sale to Deutsche Bank, which was dated November 4, 2009 and notarized on November 25. (*Id.* ¶ 21). Plaintiff questions the notarization, pointing to the three-week gap between the execution and the notarization, as well as the purported analysis of a signature analyst. (*Id.* ¶¶ 21, 22). The Trustee's Deed states that Deutsche Bank was the foreclosing beneficiary. (*Id.* ¶ 23). Plaintiff alleges that National City Mortgage executed a fraudulent conveyance of its interest in the Deed of Trust to Deutsche Bank on November 4, 2009. (*Id.* ¶ 25). Plaintiff points to similar delays in notarizing and

recording the document, and alleges that this permits the inference that the assignment was not executed before the sale.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court may grant a motion to dismiss if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

## DISCUSSION

### I. Plaintiff's Assertion That No Defendant Has an Interest in Her Loan

Examination of Plaintiff's Complaint demonstrates that her claims are based on her allegations regarding the securitization and transfer of her loan. Unfortunately, it is unclear to this Court what Plaintiff's theory is regarding her mortgage.

Plaintiff appears to simultaneously claim that her mortgage was securitized, depriving National City Mortgage of interest, and that her mortgage was not securitized, such that Deutsche Bank had no interest. Plaintiff does not state these arguments in the alternative. Rather, she alleges both simultaneously, stating that none of the Defendants has any interest. Plaintiff claims that the chain of title is broken and the valid beneficiary is unknown. (Compl. ¶ 21). Plaintiff fails to explain who else might have an interest in her mortgage. She states no authority from which this Court could conclude that a failed attempt at securitization means that *no one* has an interest in her mortgage. Plaintiff does not explain what she means when she claims that the loan was sold, but title was never conveyed. (*Id.* ¶ 63).

Where the plaintiff's theory regarding the securitization of their loan and who holds the interest in their loan is too unclear to allow the court to address arguments regarding the alleged securitization and sale, it is appropriate to dismiss the complaint and allow the plaintiff to clarify. *See Lester v. JP Morgan Chase Bank*, 926 F. Supp. 2d 1081, 1091 (N.D. Cal. 2013) (dismissing complaint where plaintiff simultaneously claimed that mortgage loan was sold to trust and could not be assigned, and that loan was improperly securitized).

**II. Plaintiff's Claims that Her Loan Was Improperly Securitized and Her Home Was Improperly Sold**

Plaintiff fails to plead sufficient facts to provide more than a possibility that a sale of the loan took place. Plaintiff states that: "In or about January 2007, National City Mortgage sold Plaintiff's loan to the GSR 2007 AR1 Trust, a mortgage-backed securities trust." (*Id.* ¶ 7). She alleges that on or before June 2007, GS Mortgage Securities sold mortgage loans, including Plaintiff's loan, to Deutsche Bank as trustee. (*Id.* ¶ 11). She states that the sales required for a proper securitization "were made without the required intervening assignment of Plaintiff's Deed of Trust and endorsement of the Note." (*Id.* ¶ 13). She claims there is "no evidence" that the loan was assigned to the trustee. (*Id.* ¶ 14).

Plaintiff provides no factual allegations to support her claim that securitization was attempted, much less that it failed. Although Plaintiff need not prove her case, at pleading, she must "state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of." *See Twombly*, 550 U.S. at 556. Plaintiff provides no basis for this Court to conclude that her assertions regarding the sale are anything but speculation.

Plaintiff seems to suggest at times that the available documents in this case reflect an effort to cover up the botched securitization of the loan. Plaintiff states that Deutsche Bank as trustee is prohibited from purchasing non-performing mortgage loans. (Compl. ¶ 23). Plaintiff claims that National City Mortgage attempted to assign

the interest in Plaintiff's loan to Deutsche Bank as trustee after the closing date and after the sale of her home. (*Id.* ¶ 25). Plaintiff claims that the only reasonable inference behind the belated assignments of her Deed of Trust is that the Note was never properly assigned to Deutsche Bank in its capacity as trustee. (*Id.* at 2). Plaintiff states that the "only reason why PNC/National City Mortgage would not foreclose in its own name is that [Deutsche Bank] was the true, albeit invalid, beneficiary and the loan was among the Trust's assets. As the loan was non-performing, it has to be sold to mitigate financial loss to the investors of the Trust." (*Id.* ¶ 38). She claims that Deutsche Bank unlawfully purchased it to "unload this bad loan to protect the interests of the investors in the MBS Trust." (*Id.*; Opp'n at 4).

Plaintiff fails to explain why the Court should infer that there was a botched securitization from these allegations. Even if the assignment to Deutsche Bank in November 2009 would be improper, it does not explain why this indicates that there was a prior failed securitization. Plaintiff also does not explain how a late assignment to Deutsche Bank allowed Deutsche Bank to unload a bad loan which Plaintiff claims was never transferred to the trust. Although this Court must draw reasonable inferences in Plaintiff's favor, Plaintiff has not explained why the Court should draw these inferences.

Plaintiff also alleges that the delay in notarization and recording the assignment to DB "gives rise to a reasonable inference that the assignment was not, in fact, executed before Plaintiff's property was sold" and suggests it was fabricated after the sale. (Compl. ¶ 25). Plaintiff does not explain why a delay between execution and notarization of the two documents should lead this Court to infer that the assignment took place after the sale. Even if this Court were to accept that the delays supported the inference that the assignment took place after the sale, Plaintiff does not explain the significance of this to the Court. Plaintiff appears to suggest that this supports her claim that Defendants were trying to conceal a failed securitization, but does not explain the connection.

1    Plaintiff also raises questions about the notarization of documents. She points
2 to gaps between the execution of documents and the notarization of documents.
3 Plaintiff does not explain how a gap between execution and notarization would
4 invalidate the assignment. "Nothing requires a notary to acknowledge a document at
5 the same time it is executed, and even a lengthy delay between the execution and
6 acknowledgment does not invalidate the document." *Rossberg v. Bank of Am., N.A.*,
7 219 Cal. App. 4th 1481, 1496 (4th Dist. 2013) (citing *Wilson v. Pac. Coast Title Ins.*
8 *Co.*, 106 Cal. App. 2d 599, 602 (4th Dist. 1951); *Pederson v. Greenpoint Mortg.*
9 *Funding, Inc.*, 900 F. Supp. 2d 1071, 1083 (E.D. Cal. 2012)).

10   Plaintiff also alleges that she engaged a forensic signature analyst to review
11 "various documents purportedly notarized by Archuleta," and the analyst determined
12 that they could not all have been made by the same person. (Compl. ¶ 22). From this,
13 Plaintiff concludes that Archuleta is allowing others to use her notary seal. Plaintiff
14 does not state the name or qualifications of her expert. Even accepting as true
15 Plaintiff's contention that various documents were not signed by the same person, this
16 does not state a basis to conclude that the documents at issue were improperly
17 notarized. Plaintiff provides no legal basis on which this Court could find an
18 assignment invalid for lack of proper notarization. An assignment of a trust deed does
19 not have to be acknowledged by a notary to be valid. *See Herrera v. Fed. Nat. Mortg.*
20 *Assn.*, 205 Cal. App. 4th 1495, 1509-10 (4th Dist. 2012) (acknowledgment and
21 recordation requirement applies only to mortgages and not deeds of trust). Even if an
22 improper notarization invalidated the assignment, Plaintiff lacks standing to challenge
23 the assignment. Plaintiff is not a party to the assignment, and cannot challenge errors
24 in its execution. *Apostol v. Citimortgage, Inc.*, No. 13-cv-1983, 2013 WL 6140528,
25 at *9 (N.D. Cal. Nov. 21, 2013) (citing *Shkolnikov v. JP Morgan Chase Bank*, No. 12-
26 03996 JCS, 2012 WL 6553988 (N.D. Cal. Dec. 14, 2012)).
27 ///
28 ///

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is given leave to amend. If Plaintiff chooses to amend, she must explain to this Court the basis on which she seeks relief, and provide sufficient factual allegations for this Court to infer that there was an improper securitization and no defendant had an interest in the deed of trust.

If Plaintiff seeks to file a First Amended Complaint, she must do so within **28 days** of the date this Order is filed by the Court.

**IT IS SO ORDERED.**

Dated: February 21, 2014

HON. ROGER T. BENITEZ
United States District Judge